## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| ONE WORLD LABS, INC. | ) | Case No.  15-21110 HRT |
|    EIN: 27-1496136 | ) | |
| | ) | |
|    Debtor. | ) | |

## MOTION TO APPROVE SEPARATION AGREEMENT

One World Labs, Inc. ("Debtor"), by and through counsel, Bieging Shapiro & Barber LLP, pursuant to Fed. R. Bankr. P. 9019, hereby moves this Court for entry of an order approving a separation agreement ("Agreement").

In support hereof, Debtor states as follows:

### INTRODUCTION

By this Motion, Debtor seeks approval of the Agreement attached hereto as Exhibit 1, which brings to end a pre-petition dispute between Debtor and Christopher Roberts ("Roberts"), a former employee of Debtor, concerning various termination and severance issues.

### BACKGROUND AND PARTIES

1.  Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code on or about October 2, 2015 (the "Petition Date").  Debtor remains in possession of its assets and operates as a debtor in possession.  No committee has been formed.

2.  Roberts is the founder, a former officer, and majority shareholder of Debtor.

3.  Pre-petition, disputes arose between Roberts and Debtor regarding his employment agreement with Debtor.

### THE SEPARATION AGREEMENT

4.  The terms and conditions of the separation are expressly set forth in the Agreement, which is attached hereto as Exhibit 1.

#398702

5. Some of the essential terms of the Agreement are as follows[1]:

a. <u>Payments</u>. Debtor shall pay Roberts' Consolidated Omnibus Budget Reconciliation Act ("COBRA") medical insurance premiums during the period from the Separation Date until December 31, 2015, in the amount of $1,986.00 (the "Payment"). Exhibit 1, p. 1, ¶ 2.

b. <u>Debtor Equipment</u>. Employee shall be entitled to retain possession of and take title to the following Debtor equipment provided to him during the term of his employment with Debtor: Macintosh computer, iPad tablet and iPhone mobile phone, which is of nominal value. <u>Id</u>., p. 2, ¶ 5.

c. <u>Waiver and Release of Claims by Employee.</u> As partial consideration for the Payment and except for the obligations created under this Agreement, Employee, and on behalf of all heirs, personal representatives, successors and assigns (collectively the "Employee Releasors"), hereby jointly and severally fully and forever releases, acquits and discharges Debtor and its successors, officers, directors, shareholders, employees, agents, and any related party which includes all affiliates, and their respective heirs, personal representatives, successors and assigns ("Employee Releasees"), of and from any and all claims, counterclaims and causes of action whatsoever which the Employee Releasors, jointly and severally, ever had, now have, or hereafter can, shall or may have against the Employee Releasees, jointly and severally, arising out of or in connection with the Employee's employment with the Debtor, including the termination of said employment, or any claims, counterclaims, or causes of action that exist as the result of Employee's employment relationship with Debtor. <u>Id</u>., p. 2, ¶ 6.

## REQUESTED RELIEF

6. Debtor requests that this Motion be granted and that it be authorized to enter into and consummate the Agreement.

7. Debtor believes the terms of the Agreement are in the best interests of its Bankruptcy Estate. Furthermore, the law generally favors compromises and settlements of disputes among parties. *Stanspec Corp. v. Jelco, Inc.*, 464 F.2d 1184 (10th Cir. 1972).

8. Pursuant to Bankruptcy Rule 9019, a proposed compromise of a claim or controversy should be approved if it is reasonable or in the best interest of the estate. *In re Kaiser Steel Corp.*, 105 B.R. 971, 976 (D. Colo. 1989); *In re The Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr. D. Colo. 1986).

9. Debtor believes that the costs to litigate the issues far exceed the amounts to be paid under the separation agreement.

---

[1] By attaching the Agreement to this Motion, Debtor provides full disclosure of the terms of same. Debtor seeks only in Paragraph 5 and its subparts to highlight some terms contained within the Separation Agreement.

WHEREFORE, Debtor respectfully requests that this Court enter an Order:

A.      Granting this Motion;

B.      Authorizing Debtor to enter and consummate into the Agreement; and

C.      Providing such other and further relief as the Court deems appropriate.

DATED this 5th day of November, 2015.

BIEGING SHAPIRO & BARBER LLP

By:____/s/ Duncan E. Barber_____
Duncan E. Barber # 16768
4582 S. Ulster St. Parkway, Suite 1650
Denver, Colorado 80237
Telephone:  720-488-5432
Telecopy:  720-488-7711

## SEPARATION AGREEMENT

**THIS SEPARATION AGREEMENT** ("Agreement") is entered into this 21st day of October, 2015, by and between **CHRISTOPHER ROBERTS**, an individual ("Roberts"), and **ONE WORLD LABS, INC.**, a Colorado corporation, Debtor and Debtor in Possession ("Debtor").

### RECITALS

A.     Pre-petition, Roberts and Debtor were parties to an Employment Agreement dated April 14, 2014 (the "Employment Agreement").

B.     On October 2, 2015, Debtor commenced a case under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Colorado (the "Bankruptcy Court"), Case No. 15 21110 HRT (the "Bankruptcy Case").

C.     Prior to the commencement of the Bankruptcy Case, disputes arose between Debtor and Roberts regarding certain matters under the Employment Agreement.

D.     The parties agree that it is their respective best interests to resolve their disputes on the terms and conditions set forth below, subject to approval by the Bankruptcy Court.

**NOW THEREFORE**, in consideration of the foregoing Recitals, the mutual covenants contained herein, and other good and valuable consideration, the receipt of which is hereby acknowledged by all parties, the parties agree as follows:

### AGREEMENT

1.     <u>Separation from Employment</u>.   Effective as of the September 18, 2015 (the "Separation Date"), the termination of Employee's employment with Debtor shall be deemed to be effective.  All salary and accrued but unused vacation due Employee has been paid or will be paid.

2.     <u>Severance Payments</u>.  Within five (5) business days of entry of a final and non-appealable order approving this Agreement by the Bankruptcy Court, Debtor will pay the Employee's Consolidated Omnibus Budget Reconciliation Act ("COBRA") medical insurance premiums during the period from the Separation Date until December 31, 2015, in an amount of $1,986.00 (the "Payment").  Thereafter, Employee shall be responsible for all COBRA medical insurance premium payments should he elect to continue such coverage.

3.     <u>Non-competition, Assignment of Rights and Other Agreements</u>.   Debtor hereby releases Employee from the non-competition provisions set forth in Section 8(a) of the Employment Agreement for only the following customers:  Harris Corporation, HSS, Inc., HHS

- 1 -

Holdings, Electronic Frontier Foundation, Face2Face Events Inc., Executive Functions Management, Inc. and Advanced Systems Group, Inc., Sentinel Global, iSecure, LLC and Delphi Automotive PLC (the "Permitted Clients"). Except as set forth in this Section 3, Debtor and Employee each acknowledge and agree that the binding provisions of the Employment Agreement, the Assignment of Rights Agreement dated June 19, 2012 between Employee and Debtor (the "Assignment of Rights"), and all other agreements entered into between Debtor and Employee, including but not limited to those provisions set forth in Sections 7 and 8 of the Employment Agreement, shall continue in full force and effect until the expiration of the terms set forth in such agreements. Employee acknowledges and agrees to the continuing obligations set forth in the Employment Agreement, the Assignment of Rights and all such other agreements entered into with the Debtor.

4.      Debtor Equipment.  Employee shall be entitled to retain possession of and take title to the following Debtor equipment provided to him during the term of his employment with Debtor: Macintosh computer, iPad tablet and iPhone mobile phone.  Employee acknowledges and agrees that within five (5) business days of entry of a final and non-appealable order approving this Agreement by the Bankruptcy Court, Employee shall transfer the telephone number and data services associated with such equipment to his personal account and thereafter Debtor shall have no liability or responsibility to continue such services.  Employee warrants that all property belonging to and proprietary information of Debtor, including, without limitation, the corporate credit card, all keys, business records, client files, documents, reports, communications, working papers, computers, phones, and software, has been returned to Debtor. Further, Employee hereby represents and warrants that he has destroyed all of Debtor's software code and other electronic materials in his possession.

5.      Bankruptcy Court Proceedings.  Employee hereby acknowledges and agrees that Employee shall not challenge, dispute or oppose any of the Debtor's motions and filings in the Bankruptcy Case nor cooperate with any other individual or entity in doing so.  Further, Employee agrees not to make an offer or bid to acquire Debtor or any of the assets of Debtor in the Bankruptcy Case or otherwise, or cooperate with any other individual or entity in doing so. Employee acknowledges and agrees that a violation on Employee's part of any of the covenants contained in this Section 5 of this Agreement would cause immeasurable and irreparable damage to Debtor.  Accordingly, Employee agrees that Debtor shall be entitled to injunctive relief in the Bankruptcy Court or any court of competent jurisdiction for any actual or threatened violation of any such covenant in addition to any other remedies it may have.  Employee agrees that in the event that the Bankruptcy Court or court of competent jurisdiction shall finally hold that any provision of Section 5 hereof is void or constitutes an unreasonable restriction against Employee, the provisions of such Section shall not be rendered void but shall apply to such extent as such court may determine constitutes a reasonable restriction under the circumstances.  It is recognized and hereby acknowledged by the parties hereto that a breach by Employee of any of the covenants contained in Section 5 of this Agreement will cause irreparable harm and damage to Debtor, the monetary amount of which may be virtually impossible to ascertain.  As a result, Employee recognizes and hereby acknowledges that Debtor shall be entitled to an injunction from the Bankruptcy Court and/or any court of competent jurisdiction enjoining and restraining any violation of any or all of the covenants contained in Section 5 of this Agreement by

- 2 -

Employee and that such right to injunction shall be cumulative and in addition to whatever other remedies Debtor may possess.

      6.    <u>Waiver and Release of Claims by Employee</u>.  Except for the obligations created or acknowledged to remain in full force and effect under this Agreement, Employee, and on behalf of all heirs, personal representatives, successors and assigns (collectively the "Employee Releasors"), hereby jointly and severally fully and forever releases, acquits and discharges Debtor and its successors (including but not limited to any party purchasing Debtor's assets), officers, directors, shareholders, employees, agents, and any related party which includes all affiliates, and their respective heirs, personal representatives, successors and assigns(collectively the "Employee Releasees"), of and from any and all claims, counterclaims and causes of action whatsoever which the Employee Releasors, jointly and severally, ever had, now have, or hereafter can, shall or may have against the Employee Releasees, jointly and severally, arising out of or in connection with the Employee's employment with the Debtor, including the termination of said employment, or any claims, counterclaims, or causes of action that exist as the result of Employee's employment relationship with Debtor.  As of the date of the signing of this Agreement, Employee represents that Employee has made no assignment of any claims against any persons or organizations described in this Section 6.

      7.    <u>Waiver and Release of Claims by Debtor</u>.  Except for any unknown claims against Employee as a result of Employee's employment with Debtor and for any breach of any continuing obligations of Employee to Debtor, including but not limited to those set forth in Section 3 of this Agreement (which expressly survive and remain in full force and effect notwithstanding this Agreement), Debtor and on behalf of its successors and assigns (collectively the "Debtor Releasors"), hereby jointly and severally fully and forever releases, acquits and discharges Employee and his heirs, personal representatives, successors and assigns ("Debtor Releasees"), of and from any and all known claims, counterclaims and causes of action whatsoever which the Debtor Releasors, jointly and severally, ever had, now have, or hereafter can, shall or may have against the Debtor Releasees, jointly and severally, arising out of or in connection with the Employee's employment with the Debtor, including the termination of said employment, or any claims, counterclaims, or causes of action that exist as the result of Employee's employment relationship with Debtor.

      8.    <u>Confidentiality</u>.  Employee acknowledges that, as an officer at Debtor and during the course of employment, Employee was given access to Debtor's confidential and proprietary information regarding Debtor, its customers and their accounts, all comprising confidential business and/or financial information which is secret and of value as contemplated by C.R.S. § 7-74-102(4), specifically including  Debtor's finances and practices, business and strategic plans, business goals and objectives, investment or marketing strategies, systems, procedures, software programs, processes, manuals, confidential reports, and lists of actual or potential customers or clients, as well as the nature and type of services rendered by Debtor and the prices charged by Debtor (the "Trade Secrets").  The Parties also acknowledge that, as an officer at Debtor, Employee was given access to nonpublic personal information protected by 15 U.S.C. § 6805, *et seq.* (the "Nonpublic Personal Information").  Collectively, the Trade Secrets and Nonpublic

- 3 -

Personal Information are referred to herein as the "Confidential Information." Employee agrees to hold such information in strict confidence, and not to disclose such information, directly or indirectly, to anyone outside of Debtor, or to use, or allow the use of such Confidential Information, for the benefit of anyone other than Debtor, and that all such obligations shall survive the execution of this Agreement. The Parties agree that the terms of this Agreement are confidential and that neither party will divulge the same to any person or entity other than each Party's respective spouse.

9.   Non-Disparagement.   Debtor and Employee agree that from the effective date of this Agreement forward neither Party will disparage the other to any person or entity, orally or in written communication.

10.   No Admission.   The parties agree that the facts recited in this Agreement are recited only for purposes of this document, and are not intended by the parties for use, nor shall they be used, as admissions or stipulations admissible in any other litigation, and that by entering into this Agreement, the Debtor does not establish any policy or practice thereby.

11.   Resolution.   This Agreement is entered into voluntarily and with full knowledge of the effect of each and every term contained herein. The Agreement is entered into by way of compromise of their disagreements and the consent of the undersigned parties to this Agreement shall not be construed as concurrence by these parties beyond the Agreement.

12.   Entire Agreement.   This Agreement incorporates the entire understanding among the parties and recites the sole consideration for the promises exchanged herein. In reaching this Agreement, no party has relied upon any representation or promise except those expressly set forth herein. The parties each warrant and represent that they are executing this Agreement voluntarily, after being advised to consult with legal counsel and an opportunity to do so and that they have full and complete legal capacity to enter into this Agreement.

13.   Choice of Law.   This Agreement shall be construed and enforced in accordance with the laws of the State of Colorado.

14.   Headings.   The headings contained in this Agreement are for convenience of reference only and are not intended to limit the scope or affect the interpretation of any provision of this Agreement.

15.   Cost and Expenses.   Debtor and Employee agree that each party shall pay its own attorney's fees and costs.

16.   Severability.   If any provision of this Agreement is held illegal, invalid, or unenforceable, such holding shall not affect any other provisions hereof. In the event any provision is held illegal, invalid, or unenforceable, such provision shall be limited so as to effect the intent of the parties to the fullest extent permitted by applicable law. Any claim by Employee against the Debtor shall not constitute a defense to enforcement by the Debtor.

- 4 -

17.    Prevailing Party.  The Parties further agree that, in the event a suit is brought to enforce the provisions of this Agreement, the prevailing party shall be entitled to recover all attorney's fees and costs incurred in enforcing the Agreement.

18.    Bankruptcy Court Approval.  The parties acknowledge that this Agreement is subject to approval of the Bankruptcy Court. The parties agree to use their respective best efforts to obtain such approval.

IN WITNESS WHEREOF, this Separation Agreement has been executed as of the date first written above.

EMPLOYEE

Christopher Roberts

ONE WORLD LABS, INC., a Colorado corporation

By: _____
    Thomas Kim, Chief Restructuring Officer

3986020

-5-

17.   Prevailing Party.  The Parties further agree that, in the event a suit is brought to enforce the provisions of this Agreement, the prevailing party shall be entitled to recover all attorney's fees and costs incurred in enforcing the Agreement.

18.   Bankruptcy Court Approval.  The parties acknowledge that this Agreement is subject to approval of the Bankruptcy Court. The parties agree to use their respective best efforts to obtain such approval.

IN WITNESS WHEREOF, this Separation Agreement has been executed as of the date first written above.

**EMPLOYEE**

_____

Christopher Roberts

**ONE WORLD LABS, INC.,** a Colorado corporation

By: _____

Thomas Kim, Chief Restructuring Officer

398620

- 5 -