UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | ) |
| | ) |
| One World Labs, Inc. | ) Case No. 15-21110 HRT |
| Tax ID / EIN: 27-1496136 | ) Chapter 11 |
|     Debtor. | ) |
| | ) |

_____

**U.S. TRUSTEE'S LIMITED OBJECTION TO
DEBTOR'S MOTION FOR ORDER AUTHORIZING SALE
OF ASSETS FREE AND CLEAR OF LIENS AND INTERESTS**
_____

      The United States Trustee for Region 19 ("UST") hereby files this limited objection to Debtor's Motion For Order Authorizing Sale Of Assets Free And Clear Of Liens And Interests (Doc. #22), and as grounds therefore the UST states as follows:

### Background

    1.    On October 2, 2015, the Debtor filed for Chapter 11 relief.

    2.    On October 23, 2015, Debtor filed its Motion For Order Authorizing Sale Of Assets Free And Clear Of Liens And Interests (Doc. #22) ("Sale Motion") whereby the Debtor proposed to sell, *inter alia*, all or substantially all of Debtor's intellectual property, equipment, books and records, and intangible property to MNR Labs, LLC. In exchange, MNR Labs agreed: a) to pay $50,000 in cash; b) to transfer 10% of MNR Labs' limited liability company membership interests to Debtor; and c) to pay all cure amounts listed in Exhibit H to the APA (an amount of $14,319).

    3.    On November 11, 2015, Debtor filed its Supplement to the Sale Motion (Doc. # 36). Debtor disclosed that MNR Labs was owned and controlled by two (2) former insiders of Debtor, both of whom served as consultants to Debtor.

### Objection

    4.    Chapter 11 debtors-in-possession may exercise a trustee's power to sell assets free and clear of liens under § 363(b) and (f). The Court may approve the sale outside the plan process under subsection (b) as long as the sale meets four benchmarks. The Movants must show the following under Section 363(b): (1) that a sound business reason exists for the sale; (2) there has been adequate and reasonable notice to interested parties, including full disclosure of the sale terms and the Debtor's relationship to the buyer; (3) that the sale price is fair and

reasonable; and (4) that the proposed buyer is proceeding in good faith. *In re Medical Software Solutions*, 286 B.R.431, 439-40 (Bankr.D.Utah 2002).

5. The bankruptcy court in *In re Colorado Sun Oil Processing LLC* stated that the "factors for a court to consider under the 'business judgment' test when deciding whether to approve the sale of the debtor's assets outside of the ordinary course of business include whether: a) Any improper or bad motive; b) The price is fair and the negotiations or bidding occurred at arm's length; and c) Adequate procedures, including proper exposure to the market and accurate and reasonable notice to all parties in interest." *In re Colorado Sun Oil Processing LLC*, 2011 WL 3585565 *9 (Bkrtcy.D.Colo.), *citing In re Castre, Inc.*, 312 B.R. 426 (Bankr.D.Colo.2004) (*citing In re Lionel*, 722 F.2d 1063 (2d Cir.1983)). The court also considered that: "The sale of the Estate's assets as set forth in the asset purchase agreement was in the best interests of the debtor, the estate, creditors, and all other parties in interest. *Id*. at 10.

6. In light of the sale to proposed former insiders and consultants to Debtor, the UST has several concerns related to whether the current Sale Motion satisfies the standards set forth above. The Sale Motion provides little, if any, information on the following:

   a. <u>How the assets were marketed</u>. The Sale Motion only asserts, in general allegations, that the assets were marketed for six months prior to the bankruptcy, but provides no detail regarding how, or at what price;

   b. <u>How the sale price or value of the assets were determined</u>. While the value of the tangible assets is valued on Debtor's Schedule B, the value of Debtor's intellectual property is was valued at "unknown".

   c. <u>To what extent the negotiations were at arms-length</u>. Given the status of Mr. Turnage and Mr. Cohen, it is unclear how the sale was negotiated and the extent to which the price was determined at an arm-length negotiation.

   d. The value of the limited liability company interest to evaluate the fairness of the sale price.

7. In order to dispel these concerns, Debtor must, at a minimum, address the issues raised by the UST and provide more information about the sale.

Wherefore, the UST requests the Court not approve the Sale Motion until Debtor satisfies the requirements demonstrating that its decision should be accorded appropriate business judgment deference.

DATED: November 23, 2015           Respectfully submitted,

                                                    PATRICK S. LAYNG
                                                    UNITED STATES TRUSTEE

                                                    /s/ Alison Goldenberg
                                                    By: Alison Goldenberg, Esq. #37138
                                                    Trial Attorney for the U. S. Trustee
                                                    1961 Stout Street, Suite 12-200
                                                    Denver, CO 80294
                                                    (303) 312-7238
                                                    (303) 312-7259 (Fax)
                                                    Alison.Goldenberg@usdoj.gov

## CERTIFICATE OF MAILING

       I hereby certify that a copy of the foregoing was mailed, postage prepaid, to the following:

Dated: November 23, 2015

One World Labs, Inc.
2505 West 2nd Avenue #7
Denver, CO 80219

Duncan E. Barber
4582 S. Ulster St. Pkwy.
Ste. 1650
Denver, CO 80237

David M. Rich
650 S. Cherry Street, Suite 1100
Denver, CO 80246-1801

Andrew J. Petrie
1225 Seventeenth Street, Suite 2300
Denver, CO 80202-5596

                                                    /s/ Janice Hensen
                                                    Legal Clerk
                                                    United States Trustee's Office